## NATIONAL LANCERS *v.* LOVERING.

In an action of assumpsit upon an account annexed to the writ, to recover the price of goods sold and delivered, it is no objection to a recovery, that the date prefixed to an item of charge may differ from the true time of the sale and delivery of the article constituting the item.

Where goods are sold and delivered, and the time of payment is agreed by the parties, interest is recoverable from the period so fixed, by way of damages for the wrongful detention of the money after that time.

Where no time of payment is fixed, but a demand of payment is made, interest is recoverable from the time of the demand.

ASSUMPSIT, upon an account annexed to the writ, of which the following is a copy:

" Capt. Joseph A. Lovering, of Greenland, N. H., to the National Lancers, Dr.

" May, 1848. To 30 sets of military horse equipments, viz: 30 bridles, 30 breastplates, 30 pairs holsters, 30 valises, 30 saddle cloths, and 30 surcingles, at five dollars each set, amounting to .......................... $150 00

" Interest, 4 years, ......................... 36 00

$186 00"

A correspondence between the defendant and Albert Guild, the agent of the plaintiffs, was given in evidence at the trial, of which the following is a copy:

" Greenland, Sept. 20th, 1847.

" Doct. Albert Guild, No. 58 Hanover st., Boston, Mass.:

" Sir—We have concluded to send for the uniform; please to send them as soon as possible. I have written the due-bill payable in one year. We shall probably pay you one-half this fall. If you can send them on these conditions, we will take them. We must have them this week, as we muster the 30th. If you will send 8 or 10 sets of horse equipments for $5 00, which you thought, when I was there;

we will send the money back for them. We should like to see them. We shall send the due-bill by Walker's & Jackson's express. Send them as soon as possible, to be left at Greenland depot.

" J. A. Lovering."

" Greenland, May 5, 1848.

" Capt. Albert Guild, 58 Hanover st., Boston, Mass.:

" Sir—If you will send down 20 more of the horse equipments, we think we can get the company to take them. We have disposed of those that you sent. If you send *them, please to send them* next week, as we shall come out the 3d Tuesday in May.     Yours,

" Joseph A. Lovering.

" P. S.    You can box them up, and send them by the freight train, or by Walker's & Jackson's express; direct them to me, to (be) left at the Greenland depot.    J. A. L."

" Boston, May 7, 1848.

Lieut. Lovering: Dear Sir—Yours was received in due season, and in answer would say that we have packed and shall send by Walker & Jackson's express, 20 sets horse equipments. You will perceive by examination that they are not all marked to match; the reason is, we selected the best, without regard to number. If you should want a few more uniforms and equipments, I think we could find a few more that would be good. Of this you can inform me hereafter. I forgot to send the bill for uniforms you had last fall. I will enclose it now, and also the bill of all the horse equipments.     Truly yours,

" Albert Guild."

It appeared that ten sets of horse equipments were sent to the defendant, in the fall of 1847, very soon after the letter of Sept. 20th, 1847, had been received. The defend-ant's counsel contended that these could not be recovered

under the charge of May, 1848, but the court instructed the jury that if the transaction in respect to the ten sets remained unadjusted between the parties until May, 1848, and then the plaintiffs sent an entire bill for thirty sets, including the ten as of that time, and this bill was received without objection, the ten sets, for the purposes of the suit, might be considered as sold in 1848. The court also instructed the jury that the plaintiffs might recover interest for the ten sets, for the time they had charged, and interest on the others from the time the defendant agreed to pay for them, if any such time was fixed, otherwise from the time of a demand for payment.

A verdict was returned for the plaintiffs.

The defendant moved to set the same aside, because of said instructions. It was ordered that the questions arising upon said motion be transferred to this court.

*Shapley* and *Marston*, for the plaintiffs.

The defendant's first exception, " that the ten sets of horse equipments could not be recovered under the charge of May 8, 1848," is frivolous. The time alleged in the declaration is entirely immaterial.

As to the question of interest, it appears by the first letter of the defendant, that, on Sept. 20, 1837, he ordered eight or ten sets of horse equipments, at $5, to be sent to him as soon as possible, and he would " send the money back for them." The ten sets were sent at once, accordingly.

It was, then, a °sale for cash, to be paid immediately. The plaintiffs had the right to receive interest on the amount, from that time, about Sept. 20, 1847, up to the time of the rendition of the judgment. But according to their charge and the instructions of the court, they only receive interest from June 8, 1848.

The defendant surely cannot complain because he does not pay interest for so long a period, by some eight or nine months, as he might have been compelled to do, by law.

But the account was liquidated, that is, was rendered by the plaintiffs to the defendant, without objection, on the 7th day of May, 1848; and on the authority of *Walden* v. *Sherburne*, 15 Johns. 409, recognized in *Mahurin* v. *Bickford*, 6 N. H. Rep. 567, and *McIlvaine* v. *Wilkins*, 12 N. H. Rep. 474, the plaintiffs may recover interest from the time of the rendition of the account.

The remaining instructions as to interest are fully sustained by the above decisions, and it is supposed their correctness is not questioned.

*Hatch*, for the defendant.

WOODS, C. J. This action was assumpsit upon an account annexed to the writ. The count was in the usual form, in which it was alleged that the defendant, on the day of the purchase of the writ, was indebted to the plaintiff in a specified sum, according to the account annexed to it. It is contended that a recovery cannot be had in this action, under that count, for the ten sets of military horse equipments delivered in the fall of 1847, and which are included in the item for thirty such equipments, under date of 1848. The date of the charge is certainly not material to the substance of the claim. In order to recover an item of charge for goods sold and delivered, it cannot be necessary to give exact evidence of the precise day, month or year of the sale. That would be nearly, if not quite, impracticable in many cases. A party, in giving evidence in support of his book of accounts, is required to state only that the articles charged were delivered at or about the time when the account purports that they were delivered. And such evidence is sufficient alone in support of such charges, and a recovery may be had accordingly. But if it must appear that the goods were delivered precisely at the day when the charge in the account annexed to the writ bears date, it is clear that the evidence usually given in support of such charges would

not maintain them, inasmuch as the evidence is not of a character to fix that time, rather than some other day about that time, as the period of the delivery of the goods.

Practically, the dates prefixed to the items of the account attached to the writ, are not correct. They bear date prior to the commencement of the action, usually. Many times, items of account are put on paper for the first time when the account is made out to be annexed to the writ, and dates are prefixed to them according to the best recollection of the party. But no one, we venture to say, was ever turned out of court for inaccuracy in the date merely, provided it appeared that the indebtedness accrued at any time before the commencement of the action.

What is material to be proved is of course material to be alleged, and that only. And what is material to be alleged is usually material to be proved as alleged. The substance of a declaration is to be proved. The evidence need not usually go farther.

What are the substantive allegations in a declaration like the present?

It is, in legal effect, an action for goods sold and delivered. The sale and delivery are the material allegations in such a declaration. So here the sale and delivery of the goods are the material allegations, and the time is immaterial, if it be only prior to the action.

It is not material that any dates should be prefixed to the items in the account, showing or pointing out their dates. It would be no objection to a recovery, that there should be an omission of their dates altogether. If so, they need not be proved.

In this view of the question, we do not think it necessary to consider the effect of the transaction involved in the charge of the court respecting the sending of the bill by the plaintiffs, in May, 1848, and its reception, without objection, by the defendant. It is enough that the fact of the delivery, in the fall of 1847, will form no objection to a re-

covery for the goods purporting in the account to have been delivered in 1848.

The interest upon the value of the ten sets was clearly recoverable, from a period as early as June 8, 1848. They were delivered in the fall of 1847, and were to have been paid for, by sending the money on receipt of the goods. The direction or order for the ten sets was as follows, namely: "If you will send eight or ten sets of horse equipments, for $5, which you thought when I was there, we will send the money back for them." This is a plain engagement to pay for the goods on receipt of them, by returning the money for them at that time. The language used admits of no other fair interpretation. Interest is recoverable from the time when the payment is to be made according to the agreements of the parties, by way of damages for the detention of it. This view of the law upon the subject of the interest, disposes of the first branch of the instructions respecting the interest upon the twenty sets of equipments delivered in May, 1848, viz : that interest was recoverable thereon from the agreed time of payment, provided any such time was fixed. And it is not now an open question that interest is recoverable upon a claim of this kind, from the time of demand of payment, provided no time of payment be fixed.

We see no ground for disturbing the verdict in this case, and consequently there must be

*Judgment on the verdict.*